IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

| | | |
|---|---|---|
| **LUIS FELICIANO-TORRES,** | * | |
| Petitioner, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| | * | **CIVIL NO. 07-1998 (PG)** |
| **UNITED STATES OF AMERICA,** | * | **(Related to Crim. No. 05-136(PG))** |
| Respondent, | * | |
| | * | |

## OPINION AND ORDER

Petitioner Luis Feliciano-Torres (hereinafter, "Petitioner" or "Petitioner Feliciano-Torres") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, along with a Memorandum of Law in support of the Motion  (D.E. #1).[1]  The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255, along with seven exhibits (D.E. #10).  For the reasons stated below, Petitioner Feliciano-Torres' motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

## I. BACKGROUND

On May 3, 2005, the Grand Jury returned a four-count sealed Indictment charging Petitioner and eight (8) co-defendants (Crim. D.E. #16, #17, #18).[2]  Petitioner was charged with: 1) a conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, fifty (50) grams or more of cocaine base, a detectable amount of heroin and marijuana, in violation of 21 U.S.C. Sections 841, 846 and 860 (Count

---

[1] D.E. is an abbreviation for docket entry number.

[2] Crim. D.E. is an abbreviation for docket entry number.

Civil No. 07-1998 (PG)                                                                 Page 2

One); and 2) aiding and abetting in the carrying, brandishing and discharge of firearms in furtherance of, and during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sections 924 (c) and 2 (Count Two) (Crim. D. E. #16, #17, #18). On May 11, 2005, Petitioner entered a not guilty plea to Counts One and Two of the Indictment (Crim. D.E. #40). He was appointed counsel, Marlene Aponte-Cabrera, Esq.

On February 13, 2006, a Change of Plea Hearing was held (Crim. D.E. #151). The plea agreement provided that Count Two mandated a sixty (60) month term of imprisonment (Crim D.E. #152). The plea agreement further provided the sentencing guidelines calculations as to Count One. The parties determined that: 1) the stipulated drug types and amounts resulted in a base offense level of thirty two (32) under U.S.S.G. Section 2D1.1; 2) a three (3) level reduction for acceptance of responsibility applied under U.S.S.G. Section 3E1.1; and 3) there was no stipulated criminal history category (Crim D,E. #152). The parties further determined a total offense level of twenty-nine (29) and assumed a criminal history category III which resulted in a sentencing guidelines range of one hundred eight (108) to one hundred thirty-five (135) months of imprisonment. The parties agreed to recommend a one hundred twenty (120) month term of imprisonment on Count One, and sixty (60) months, to be served consecutive to Count One, for Count Two. The parties further agreed that sentencing was to be left to the discretion of the court, and if the court accepted the agreement and sentenced petitioner in accordance to the terms and conditions, he waived and surrendered the right to appeal the sentence and judgment (Crim. D.E. #152). During the hearing, the Court addressed the parties' guidelines range and advised Petitioner that his sentence could be higher or lower than predicted by the parties and provided him with examples that the sentencing guidelines range could be higher or lower if he had a different criminal history category because there was no stipulation as to the criminal history category. Petitioner admitted he understood this (C.O.P.T. pp.13-14). Finally, the Court expressly addressed the appellate waiver provision from the plea agreement. Petitioner admitted that he understood the provision (C.O.P.T. pp.16).

On May 15, 2006, the Presentence Investigation Report was transmitted (Crim. D.E. #216). With respect to Count One, the PSI recommended a criminal history category of V and a total base offense

Civil No. 07-1998 (PG)                                                      Page 3

level of twenty-nine (29) which resulted in a sentencing guidelines range of one hundred forty (140) to one hundred seventy-five (175) months of imprisonment (P.S.I. p.10). The PSI also determined that Count Two required a fixed consecutive term of sixty (60) months of imprisonment to life (P.S.I. p. 10).

Petitioner filed several pro se motions requesting the appointment of new counsel (Crim. D.E. #213, #231). On June 12, 2006, the Court appointed new counsel, Alice M. Velazquez, to represent Petitioner (Crim. D.E. #234).

On March 26, 2007, the Sentencing Hearing was held (Crim. D.E. #269). The Court determined a total offense level of twenty-nine (29) and a criminal history category V which resulted in a guidelines range of one hundred forty (140) to one hundred seventy five (175) months of imprisonment as to Count One and a mandatory sixty (60) month term of imprisonment as to Count Two (S.H.T. pp. 7-8). Petitioner was sentenced to one hundred forty (140) month term of imprisonment as to Count One and a sixty (60) month term of imprisonment as to Count Two, to be served concurrently with each other (Crim. D.E. #268, #270). The Court also imposed supervised release terms of five (5) years as to both counts, to be served concurrently with each other, and a special monetary assessment of two hundred ($200) dollars (Crim. D.E. #269, #270). The Court advised Petitioner:

> You can appeal your conviction if you believe that your guilty plea was somehow unlawful or
> involuntary or if there was some other fundamental defect in the proceedings that was not waived
> by your guilty plea. You also have the statutory right to appeal the sentence if you feel the same was
> imposed in violation of the law as a result of an incorrect application of the sentencing guidelines or
> that it was unreasonable. Any notice of appeal must be filed here in the district court within ten (10)
> days after the judgment is entered.

(S.H.T. pp.12-13).

Petitioner did not file a notice of appeal. On June 25, 2007, Petitioner's counsel filed a motion entitled "**EMERGENCY MOTION FOR REINSTATEMENT OF RIGHT TO APPEAL BY REENTRY OF JUDGMENT**" (Crim. D.E. #273). In the motion, counsel informed the Court the following: 1) that petitioner had been sentenced on March 26, 2007; 2) that petitioner had been advised of his right to appeal and the applicable timetable; 3) that it was counsel's and Petitioner's understanding

Civil No. 07-1998 (PG)                                                                         Page 4

that an appeal would not be filed; 4) that she had received written correspondence from Petitioner on
June 18, 2007 in which he now expressed an expectation that a notice of appeal had been filed; 5) that
she met with Petitioner at the Metropolitan Correctional Facility and was informed by him that he had
been in solitary confinement and could not contact her; and 6) that it is her understanding that
Petitioner's correspondence simply reflected a change of heart after prolonged solitary confinement. The
Court entered Order finding moot the Emergency Motion For Reinstatement Of Right To Appeal By
Reentry of Judgment (Crim. D.E. #305). On October 22, 2007, Defendant Feliciano-Torres filed his
petition for relief pursuant to Section 2255 (D.E. #1).

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner claims that counsel's assistance was
ineffective after sentencing because she did not file a notice of appeal as requested.

### A. Claims of Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel.
Strickland v. Washington, 466 U.S. 668, 687 (1984). But "[t]he Constitution does not guarantee a
defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of
reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938
F.2d 302, 309-10 (1st Cir. 1991) (citation omitted), cert. denied, 502 U.S. 1079 (1992).

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance
was deficient and that the deficiency prejudiced the defense. Strickland, 466 U.S. at 687. In order to
establish deficiency, a petitioner must establish that counsel's performance "fell below an objective
standard of reasonableness under prevailing professional norms." Id. at 688. Counsel is presumed to
have acted within the range of "reasonable professional assistance," and it is petitioner who bears the
burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be

Civil No. 07-1998 (PG)                                                                                    Page 5

considered sound trial strategy." Id. at 689.  In order to show prejudice, a petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id. at 694.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court applied the Strickland test and provided bright-line rules for evaluating an ineffective assistance claim based on the performance of an attorney who had consulted with a criminal defendant about an appeal. Flores-Ortega, 528 U.S. at 477-478. [A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Id. at 477.  On the other hand, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477- 478.  And if counsel does not "file a requested appeal, a defendant is 'entitled to [a new] appeal without showing that his appeal likely would have had merit.'" Id. at 477 (quoting Peguero v. United States, 526 U.S. 23, 28 (1999)).

Even when a defendant has not clearly conveyed his wishes one way or the other, counsel may still be ineffective for failing to file an appeal if she did not consult with the defendant about an appeal, i.e., if she failed to "advise the defendant about the advantages and disadvantages of taking an appeal" and "make a reasonable effort to discover the defendant's wishes." Flores-Ortega, 528 U.S. at 478. "[C]ounsel has a constitutionally imposed duty with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480.  In making this determination, relevant factors include "whether the convictions follows a trial or guilty plea" ("because a guilty plea reduces the scope of potentially appealable issues and may indicate that the defendant seeks an end to judicial proceedings."), "whether the defendant received the sentenced bargained for as part of the plea" and "whether the plea

expressly reserved or waived some or all appeal rights." Id.

In the present case, Petitioner alleges that "[o]n March 23, 2007, and prior to sentencing he met with Court Appointed Attorney Alice Velazquez and instructed her to file a notice of appeal in the event that the Court imposed a sentence over the agreement held between the United States and movant [Petitioner] of 120 Months under count (sic) One and 60 Months under Count Two." (D.E. #1). He further alleges that "[u]pon the imposition of sentence above the 120-60 Months that sum up to 200 Months", he "instructed Court Appointed Counsel to file a notice of appeal because it was his understanding at the plea hearing that he could appeal if the Court exceeded the recommended total amount of 180 Months of imprisonment." (D.E. #1). Petitioner claims ineffective assistance of counsel for failing to file an appeal and requests the reinstatement of his right to appeal (D.E. #1).

Petitioner cannot sustain his allegation. In an unsworn declaration under penalty of perjury, counsel Velazquez refutes Petitioner's allegation that he requested the filing of a notice of appeal (D.E. #10, Ex. 1). The record corroborates counsel's statements. Counsel Velazquez was appointed to represent Petitioner after he had already plead guilty to the offenses (Crim. D.E. #231, #234, #236). When the PSI was transmitted, it showed that he had a higher criminal category and sentencing guidelines range than that projected in the plea agreement. (Crim. D.E. #216). After counsel met several times with the Assistant U.S. Attorney and Petitioner regarding the guidelines range difference, Petitioner agreed that he would not request the withdrawal of his guilty plea. He signed a paper stating this (D.E. #10, Ex. 1, Ex. 3). The day before sentencing, counsel again discussed the issue of a higher sentencing range with

Civil No. 07-1998 (PG)                                                                          Page 7

Petitioner.[3]  He informed counsel that he would be satisfied if the Court sentenced him to the lower end

of the applicable guidelines range of one hundred forty (140) months imprisonment as to Count One and

the sixty (60) month term of imprisonment as to Count Two, to be served consecutively with each other,

for a total of two hundred (200) months of imprisonment (D.E. #10, Ex. 1).  At that point counsel

understood that Petitioner would not appeal if he received a sentence at the lower end of the guideline

range as to Count One and that the total sentence was two hundred (200) months of imprisonment as to

the two counts of conviction (D.E. #10, Ex. 1).

   At sentencing, the Court imposed sentence totaling two hundred (200) months of imprisonment

(Crim. D.E. #269).  Prior to being sentenced, the Court questioned Petitioner directly whether he had

any objection to the PSI.  Petitioner admitted to the Court that he had been explained the PSI contents

by his counsel.  Counsel admitted she had read and discussed its contents with Petitioner (S.H.T pp.2-3).

Petitioner expressed no objections to the PSI's sentencing guideline range or his plea agreement (S.H.T.

p.3; P.S.I. p. 10).  He did not indicate to the Court that he wanted to appeal his sentence.  Instead,

Petitioner thanked his "attorney for having done the most that she could ..." (S.H.T. p. 6, D.E. #10, Ex.

1). After the sentencing hearing, counsel questioned Petitioner wether he wanted to appeal the sentence.

Petitioner indicated to counsel that she should not worry.  Counsel further advised Petitioner about the

applicable time table for the notice of appeal and to contact her if he changed his mind (D.E. #10, Ex.1).

   Counsel was contacted by Petitioner almost two and one half (2 ½) months after the sentencing

hearing when she received Petitioner's letter dated June 11, 2007 (D.E. #10, Ex. 4).  Although Petitioner

was placed in solitary confinement at the Metropolitan Detention Center from March 22, 2007, until May

2, 2007, he had means to contact counsel regarding his right to appeal (D.E. #10, Ex. 6).  Petitioner

illegally maintained a cellular phone during part of the time after the sentencing by which he could have

communicated with counsel (D.E. #10, Ex. 6).  The federal regulations state that the Warden may not

---

[3] The CJA time sheets submitted to the Court for reimbursement reflect the meetings held
with the Assistant U.S. Attorney and Petitioner (D.E. #10, Ex.1).

apply frequent limitations on inmate phone calls to attorneys (D.E. #10, Ex. 6). Besides the phones, Petitioner had several social visits after the sentencing in which he could have forward some type of communication with counsel (D.E. #10, Ex. 6). Counsel indicated in her Emergency Motion For Reinstatement Of Right To Appeal, that Petitioner's correspondence requesting the filing of a notice of appeal was simply a change of heart after a prolonged solitary confinement. Counsel's assertion is sustained by the record. Petitioner admitted in his letter to counsel that he knew that the time frame to file a notice of appeal was ten (10) days (D.E. #10, Ex. 4). Nevertheless, he waited over two and one half (2 ½) months after the sentencing hearing and over one (1) month after he had been released from solitary confinement before he submitted a letter requesting whether an appeal had been filed (D.E. #10, Ex. 4).

Furthermore, Petitioner's claim that he understood from the plea hearing that he could appeal if the Court exceeded the recommended total amount of 180 months of imprisonment is contrary to the signed plea agreement. Petitioner agreed as part of the plea agreement that the parties did not stipulate a criminal history category. He also agreed that: 1) "the Court [wa]s not bound by this plea agreement, including but not limited as to: advisory sentencing guideline calculations, stipulations, and/or sentence recommendations"; 2) sentencing was left to the sound discretion of the Court; and 3) the Court had the "jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty." Petitioner agreed that if the Court accepted the agreement and sentenced Petitioner in accordance to the terms and conditions, he waived his right to appeal the sentence and judgment. During the Change of Plea Hearing, the Court, after addressing the parties' guidelines range, advised Petitioner that his sentence could be higher or lower than predicted by the parties because there was no stipulation as to the criminal history category. Petitioner admitted that he understood this (C.O.P.T. pp.13-14). Moreover, the Court expressly addressed the appellate waiver provision from the plea agreement and Petitioner admitted he understood the provision:

THE COURT: At page 9, paragraph 19, you are representing to the Court that if I accept this Plea Agreement and I sentence you according to the terms and conditions of the agreement, that then you would waive your right and surrender the right that you have to appeal the judgment and sentence in this

Civil No. 07-1998 (PG)                                                          Page 9

case. Is that correct?

THE DEFENDANT: Yes.

THE COURT:  Do you also understand that if I do not follow the Plea Agreement and if I do not sentence you according to the Plea Agreement, then you will not waive you right to appeal?  Is that how you understand it?

THE DEFENDANT: Yes.

(C.O.P.T. pp.16).

Petitioner was well aware of the Court's discretion at sentencing and of the appellate waiver provision.

In the case at bar the record indicates: 1) that in light of the PSI, Petitioner indicated to counsel that he would be satisfied and would not appeal if the Court sentenced him to the lower end of the applicable guideline for his Criminal History Category and received an anticipated sentence of two hundred (200) months; 2) that Petitioner was aware of the Court's discretion at sentencing; 3)  that Petitioner understood the appellate waiver provision; 4) that Petitioner made no comments to the Court about the higher term of imprisonment at sentencing; 5) that Petitioner did not express to counsel any indication of desire to appeal after sentencing; 5) that it was counsel and Petitioner's understanding that an appeal would not been filed; 6) that Petitioner could have contacted counsel on time if he wanted to file and appeal; and 7) that it was after his prolonged solitary confinement that he changed his mind about his decision not to file an appeal.  Therefore, Petitioner's claim of ineffective assistance of counsel for loss of appellate rights fails.

### III. CONCLUSION

For the reasons stated above, the Court concludes that Petitioner **Luis Feliciano-Torres** is not entitled to federal habeas relief on the claims presented.  Accordingly, it is ordered that Petitioner **Luis Feliciano-Torres'** request for habeas relief under 28 U.S.C. Section 2255 (D.E. # 1) be **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 be **DENIED**.
**IT IS SO ORDERED.**

Civil No. 07-1998 (PG)                                                                    Page 10

## IV.  CERTIFICATE OF APPEALABILITY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255.  It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253 (c)(2).


**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 31, 2011


                                                    JUAN M. PEREZ-GIMENEZ
                                                    Senior United States District Judge